# In the United States Court of Federal Claims

No. 18-1125C
(Filed September 4, 2018)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * *
                                 *
                                 *
VELOCITY TRAINING, LLC,          *
                                 *
            Plaintiff,           *
                                 *
    v.                           *
                                 *
THE UNITED STATES,               *
                                 *
            Defendant,           *
                                 *
    and                          *
                                 *
AIR CENTER HELICOPTERS,          *
INC.,                            *
                                 *
            Defendant–Intervenor.*
                                 *
                                 *
* * * * * * * * * * * * * * * * *
```

## MEMORANDUM OPINION AND ORDER

WOLSKI, Senior Judge.

    Before the Court is a motion by the plaintiff, Velocity Training, LLC, to strike a paper filed by the defendant-intervenor, Air Center Helicopters, Inc., supporting the government's motion to dismiss this bid protest. Plaintiff contends that the paper must be stricken because it was filed two days after this Court's deadline for filing motions to dismiss this case. For the reasons discussed below, the plaintiff's motion is **DENIED**.

### I. BACKGROUND

    This bid protest commenced on August 1, 2018. The following day, this Court convened an initial scheduling conference, at which time the parties jointly

proposed a schedule to litigate motions to dismiss this claim. Based on the parties' agreement, this Court issued a scheduling order stating that the "[m]otion(s) to dismiss this case will be filed on or by Wednesday, August 22, 2018." ECF No. 10, at 1. For reasons that this Court does not entirely understand, the government needed two extensions of time to file its motion. Plaintiff agreed not to oppose the government's final request to extend the filing deadline—provided that the parties would confer and agree to request an extension of time for plaintiff to file its response. *See* ECF No. 21. The government finally filed its currently pending motion on August 27, 2018. *See* ECF No. 23.

Two days later, intervenor filed a paper styled as a brief in support of the government's motion to dismiss this case—asserting that plaintiff lacks standing. *See generally* ECF No. 24. No motion for leave to file the document out-of-time accompanied the brief. And none of this Court's prior orders indicated that intervenor could file any supporting papers several days after the government submitted its motion. Rather, the Court's order contemplated that intervenor could file its own motion on the same day as the government.

Plaintiff moved to strike intervenor's brief as untimely and prejudicial. *See* Plaintiff's Motion to Strike Defendant-Intervenor's "Brief in Support of Defendant's Motion to Dismiss" at 3–5 (Pl.'s Mot.), ECF No. 25. Specifically, plaintiff points to this Court's prior scheduling orders, asserting that nothing in those orders allowed for intervenor to file a paper advocating the dismissal of this case after August 27, 2018. *Id.* at 4. Plaintiff also argues that intervenor cannot evade the filing deadline by styling its paper as a "brief in support of" the government's motion. *Id.* In reality, plaintiff maintains, the paper is a stand-alone motion to dismiss this case and, as such, needed to have been filed on or by August 27, 2018—the date this Court ordered the government to file its motion.[1]

Finally, plaintiff argues that allowing intervenor's paper to be considered would be to its prejudice. Intervenor apparently cites four cases that the government did not employ in its motion. Pl.'s Mot. at 5. Plaintiff maintains that if

---

[1] Indeed, plaintiff goes so far as to insinuate that the intervenor's motion to dismiss this claim was due on August 24, 2018. It suggests that this Court's orders granting extensions of time applied only to the government and not the intervenor. *See* Plaintiff's Reply to Defendant-Intervenor's Opposition to Plaintiff's Motion to Strike at 2 (Reply), ECF No. 27. But plaintiff then adds that intervenor's motion was due "at the latest, [on] August 27, 2018." *Id.* Because plaintiff appears willing to concede that this Court's orders granting extensions of time applied equally to the government and intervenor, the Court will treat August 27, 2018, as applying to intervenor.

it must address intervenor's untimely paper, this would add needless time and effort—hence increasing legal fees. *Id.*

Intervenor responds that plaintiff will not be prejudiced by its filing. The parties at that time were scheduled to confer about an extension of time for plaintiff to file its opposition paper—to account for the government's delays in filing its motion. Defendant-Intervenor's Opposition to Plaintiff's Motion to Strike at 1–2, ECF No. 26. Further, plaintiff knew—based on previous exchanges by the parties—that intervenor would likely file a brief in support of the government's motion. *Id.*

Plaintiff replies that intervenor's brief must be considered a motion to dismiss this claim—because it specifically requests dismissal of this case. Plaintiff's Reply to Defendant-Intervenor's Opposition to Plaintiff's Motion to Strike at 1–2 (Reply), ECF No. 27. Plaintiff contends that nothing gives the intervenor the "unilateral right to ignore" this Court's deadline for filing motions to dismiss this claim. *Id.* at 1. Further, even though the parties were due to confer about scheduling a response deadline, plaintiff maintains that intervenor's delayed filing has created uncertainty regarding whether that paper's arguments must be addressed. *Id.* at 2–3. Further, even if plaintiff were to seek an extension of time to file its response, it argues that this does not cure the impropriety of intervenor's untimeliness and the resulting delay and expense in litigating this matter. *Id.* at 4.

## II. DISCUSSION

To begin with, the Court agrees with plaintiff that intervenor's paper should be treated as a motion to dismiss this case. And plaintiff is indeed correct that intervenor should have submitted its motion on August 27, 2018—the deadline set by this Court for filing motions to dismiss this case. But because the paper is a motion to dismiss this case for lack of subject-matter jurisdiction, the victory on this point is a pyrrhic one.

A federal court's subject-matter jurisdiction is a non-waivable issue. *Union Pac. R. Co. v. Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment, Cent. Region*, 558 U.S. 67, 81 (2009). If a federal court does not possess the power to hear a given case, then the court must dismiss the action. *See Ex Parte McCardle*, 74 U.S. (7 Wall) 506, 514 (1868) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."). As such, parties—and even the court itself—are free to raise questions about the court's jurisdiction at any stage of the litigation. *See Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*."); *cf. John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 132 (2008) (discussing how this court must consider issues pertaining to its limited jurisdiction—even if not raised by the parties).

Given the non-waivability of subject-matter jurisdiction, this Court cannot hold that intervenor has lost its ability to challenge any matter relating to subject-matter jurisdiction—such as standing. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("Subject-matter jurisdiction can never be waived or forfeited. The objections may be resurrected at any point in the litigation, and a valid objection may lead a court midway through briefing to dismiss a complaint in its entirety."); *S. Cal. Fed. Sav. & Loan Ass'n v. United States*, 422 F.3d 1319, 1328 n.3 (Fed. Cir. 2005) (explaining that standing is a question of subject-matter jurisdiction). By filing late, intervenor was certainly in poor form—as it should have moved this Court for leave to file its brief after the deadline. For whatever reason, it chose not do so. Nevertheless, the Court must consider its arguments because they address the fundamental question of whether this Court may hear the case. *See Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (explaining that arguments about the lack of subject-matter jurisdiction "should be considered when fairly in doubt.").

Even were this Court able to strike intervenor's motion, the Court would still allow the document to remain filed as plaintiff appears to have suffered only minimal inconvenience. The parties have yet to negotiate proposals on the timing of plaintiff's opposition and the reply filings. Plaintiff therefore still has the opportunity to request additional time to file its brief, commensurate with the amount of time the government and the intervenor had in filing their papers.

Further, the Court does not believe that plaintiff will suffer prejudice in the form of the marginal cost of addressing four additional authorities. Indeed, it seems that plaintiff chose to incur even greater costs in engaging in motions practice on this point, complete with thorough briefing. This further delayed these proceedings by requiring the Court to act upon the motion. *See* Reply at 3 (discussing how plaintiff cancelled a conference call and put its drafting of its opposition brief on hold in order to litigate this motion). Motions practice should be an avenue of last resort, undertaken when the parties are genuinely unable to reach an agreement. If expense and delay were truly problems for plaintiff, then the proper avenue would have been to address this matter out-of-court and amicably negotiate an extension of time with the other parties, such that plaintiff could address intervenor's arguments. To be sure, plaintiff would have had every right to do so given the extra time that the government and intervenor took to file their papers. Instead, plaintiff chose to engage in time-consuming motions practice over an ancillary issue.[2] The Court, therefore, does not find plaintiff's concerns about expense credible.

---

[2] Plaintiff makes much of the "uncertainty about the briefing schedule" caused by intervenor's late filing, arguing that it could not negotiate a new schedule with the other parties because it was unsure whether it would have to respond to intervenor's arguments—due to the pendency of this motion to strike intervenor's brief. Reply at 3. But such self-inflicted uncertainty is not terribly persuasive.

## III.  CONCLUSION

Plaintiff's motion to strike intervenor's brief is **DENIED**, as that paper is more properly considered a motion to dismiss this case for lack of subject-matter jurisdiction.  Plaintiff is free to seek an extension of time in which to file its response to the motions to dismiss this case.

**IT IS SO ORDERED.**

s/ Victor J. Wolski<br>
**VICTOR J. WOLSKI**<br>
Senior Judge